# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ESPINOZA,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:25-cv-00976-SKO (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[21-DAY OBJECTION DEADLINE] |

    Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner initially filed his petition on May 27, 2025, in the Ninth Circuit Court of Appeals. On August 6, 2025, the Ninth Circuit transferred the case to this Court. (Doc. 2.)

    Petitioner is in custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an indeterminate sentence of 11 years plus life with the possibility of parole plus 20 years pursuant to his 2003 convictions in Kern County Superior Court of premeditated attempted murder, attempted murder, discharging a firearm in a grossly negligent manner, discharging a firearm into an inhabited dwelling, and four counts of assault with a firearm. (Doc. 1 at 10.) In this petition, Petitioner seeks "this court of law to conduct a full judiciary investigation regarding all sentencing day

[sic] penal code(s) that have been repealed and/or amended in my case including all that are retroactively [sic]." (Doc. 1 at 3.) Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief.  Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

## DISCUSSION

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Failure to State a Cognizable Federal Claim

The petition fails to state a cognizable habeas claim. Petitioner requests that the Court investigate whether he is entitled to resentencing based on changes in California's statutes. As an initial matter, this request is improper as it is not a function of a reviewing federal habeas court to "investigate" Petitioner's case to determine whether any constitutional violations have occurred. This task unquestionably belongs to Petitioner.

Second, Petitioner's claims pertain solely to the state court's interpretation and application of state sentencing laws. A reviewing federal habeas court is without jurisdiction to review state sentencing matters; thus, Petitioner's claims are not cognizable. See 28 U.S.C. § 2254(a) (federal habeas relief lies only where a person is "in custody in violation of the Constitution or laws or treaties of the United States"); Wilson v. Corcoran, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) ("federal habeas corpus relief does not lie for errors of state law") (quoting Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (a state court's interpretation of state law binds federal court sitting in habeas corpus); Souch v. Schaivo, 289 F.3d 616, 622-23 (9th Cir.) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim), *cert.*

*denied*, 537 U.S. 859, 123 S.Ct. 231, 154 L.Ed.2d 98 (2002). Therefore, the petition should be dismissed for failure to state a claim.

C.     Exhaustion

The petition is also unexhausted. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner raised his claims with the Kern County Superior Court by habeas petition on September 24, 2024. (Doc. 1 at 10.) The superior court denied the petition on November 5, 2024, after concluding Petitioner had failed to present a prima facie claim for relief. (Doc. 1 at 11-12.) The court noted that it does not conduct "investigations" into the continued validity of prior sentences which have long ago become final. (Doc. 1 at 11.) It does not appear that Petitioner sought further relief from the appellate court and the California Supreme Court prior to filing in federal court. Therefore, the claims are unexhausted in addition to being not cognizable.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **August 8, 2025**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE