UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ESPINOZA,<br><br>　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Respondent. | Case No.: 1:25-cv-0976 JLT SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 6) |

　　Francisco Espinoza is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he requests the Court investigate whether he is entitled to resentencing based upon changes in California law. The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and found Petitioner "fails to state a cognizable habeas claim." (Doc. 6 at 2.)

　　First, the magistrate judge observed that "is it is not a function of a reviewing federal habeas court to 'investigate' …to determine whether any constitutional violations have occurred." (Doc. 6 at 2.) Second, the magistrate judge found the claims "pertain solely to the state court's interpretation and application of state sentencing laws," which this Court cannot review. (*Id.*) Finally, the magistrate judge found the petition was unexhausted, because Petitioner did not seek relief from the appellate court and the California Supreme Court prior to filing in the federal court. (*Id.* at 3.) Therefore, the magistrate judge recommended the Court summarily dismiss the petition. (*Id.*)

1

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 6 at 4.) The Court advised Petitioner that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. In addition, the Court declines to issue a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up). In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated August 8, 2025 (Doc. 6) are **ADOPTED**.
2. The petition is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to close this case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 12, 2025**

UNITED STATES DISTRICT JUDGE